**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD J. TIBBS, | No.    17-55665 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-00834-SJO-MRW |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before:  GRABER and BYBEE, Circuit Judges, and HARPOOL,[**] District Judge.

Todd J. Tibbs appeals the district court's denial of his federal habeas

petition, in which he alleged that the California Superior Court erred in omitting a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

jury instruction on willfulness, deliberation, and premeditation when providing an instruction for an attempted murder charge. We affirm.

We review de novo the district court's denial of a habeas petition and we review factual findings for clear error. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010). Assuming that the California Superior Court committed error when it omitted the instruction on attempted murder, Tibbs cannot establish that the error caused actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), or that the California Court of Appeal's harmlessness finding was objectively unreasonable under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Hall v. Haws*, 861 F.3d 977, 1000 (9th Cir. 2017).

**1.** Tibbs' claim fails under *Brecht* review. To establish actual prejudice under *Brecht*, Tibbs must show that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015) (citation omitted); *see Brecht*, 507 U.S. at 637. "This requires much more than a 'reasonable possibility' that the result of the hearing would have been different." *Ayala*, 135 S. Ct. at 2203. The government presented some evidence that Tibbs acted with premeditation, deliberation, and willfulness, including that he had a dispute with the victim over the victim's sister, that there

2

was a prior occasion where he showed the victim a gun, and that he picked up the gun and fired it at the victim. In addition, the court defined premeditation, deliberation, and willfulness when it gave the murder instruction and told the jury to "[p]ay careful attention to all of these instructions and consider them together," and the jury indicated on the verdict form that it made a finding of premeditation, deliberation, and willfulness. Thus, because the jury knew the definitions of premeditation, deliberation, and willfulness, and there were sufficient facts to support that finding, Tibbs cannot show that the omitted instruction had a "substantial and injurious effect or influence" that leaves us with "grave doubt" about the verdict's correctness. *Id.* at 2198 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

**2.** Although we need not formally do so, we also address Tibbs' arguments that the California Court of Appeal's harmlessness finding was objectively unreasonable under AEDPA. *See Fry v. Pliler*, 551 U.S. 112, 120 (2007); *Mays v. Clark*, 807 F.3d 968, 980 (9th Cir. 2015). To succeed, Tibbs must show that the decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ayala*, 135 S. Ct. at 2199 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

First, Tibbs asserts that, despite stating it was applying a harmlessness standard of review, the California Court of Appeal actually applied the standard of review for an insufficient evidence claim. This is because, to support its finding of harmlessness, the court quoted the exact factual findings it made when analyzing his insufficient evidence claim on direct appeal. An insufficient evidence claim requires the court to construe all the evidence in the government's favor, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)—which is not the standard for a harmlessness claim. *See United States v. Lane*, 474 U.S. 438, 476 n.20 (1986) ("[T]he harmless-error analysis is fundamentally different from the sufficiency analysis."). While it is questionable that the court would refer to the same factual findings, just because these findings were more favorable to the government than Tibbs does not render them objectively unreasonable. We overturn a court's factual findings only if they were unreasonably drawn from the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(2). The court's findings here are supported by the evidence and thus are insufficient to show that the court applied the wrong standard of review.

Tibbs also asserts that the court made an unreasonable determination of the facts when it found that his case was distinguishable from *People v. Banks*, in which the California Supreme Court found that the omission of a premeditation,

4

deliberation, and willfulness instruction was not harmless. 331 P.3d 1206, 1238 (Cal. 2014), *abrogated in part on other grounds by People v. Scott*, 349 P.3d 1028 (Cal. 2015) (per curiam). But there were enough differences between the cases that "'fairminded jurists could disagree' on [the decision's] correctness," and thus it was not objectively unreasonable under AEDPA. *Ayala*, 135 S. Ct. at 2199 (quoting *Harrington*, 562 U.S. at 101). In addition, under AEDPA, we review only to determine whether the decision was an objectively unreasonable application of "clearly established *Federal* law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added). Tibbs does not point to any United States Supreme Court case that the California Court of Appeal misapplied.

**AFFIRMED.**